IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

RECEIVED
2021 DEC -6  P 3: 28

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

| | |
|---|---|
| DIANA BENNETT, as administratrix of the ESTATE OF RICHARD ALAN BENNETT, ) ) ) ) ) | |
| Plaintiff, ) ) ) | |
| vs. ) ) ) | NO. 2:21-cv-806 |
| MID SOUTH TRANSPORTATION, LLC, and MID-SOUTH LEASING, INC. ) ) ) ) | JURY TRIAL DEMANDED |
| Defendants. ) | |

## COMPLAINT

### PARTIES

1. The Estate of Richard Alan Bennett is represented by Diana Bennett, an individual over the age of nineteen (19) and a resident-citizen of Crestview, Florida.

2. Defendant Mid South Transportation, LLC, is a limited liability company whose principal address and registered agent are both located in Mississippi.

3. Defendant Mid-South Leasing, Inc., is a corporation whose principal address and registered agent are both located in Mississippi.

### JURISDICTION & VENUE

4. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332 because complete diversity of citizenship exists between Plaintiff and all Defendants, and

1

because the amount in controversy greatly exceeds $75,000.00 exclusive of interest and costs.

5. Venue is proper pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claim occurred in this judicial district.

## FACTUAL BACKGROUND

6. Plaintiff incorporates by reference and realleges each and every preceding allegation as if fully set forth herein.

7. On or about June 18, 2021, decedent Richard Bennett was operating a tractor trailer traveling southbound on US-231 in rural Montgomery County. Decedent David Carpenter was contemporaneously operating a tractor trailer and traveling northbound on US-231. Decedent Carpenter drove his vehicle across the median on US-231 and struck Bennett's vehicle, causing fatal injuries for both drivers.

8. Decedent Carpenter was found to have intoxicating substances in his tractor trailer and is believed to have been under the influence of intoxicating substances.

9. At all times relevant to Plaintiff's claims, Decedent David Carpenter was the agent, servant and employee of, and acting within the line and scope of his employment with the Defendant Mid South Transportation, LLC.

10. David Carpenter's employer, Mid South Transportation, LLC, knew or should have known that David Carpenter was driving under the influence of intoxicating substances. Mid South Transportation, LLC negligently hired and employed David

2

Carpenter.

11. At all times relevant to Plaintiff's claims, Decedent David Carpenter operated a tractor trailer owned by Mid-South Leasing, Inc. Carpenter was an agent, servant and employee of, and acting within the line and scope of his employment with the Defendant Mid-South Leasing, Inc.

12. Mid-South Leasing, Inc. owned the truck and trailer driven by Carpenter at the time of the crash. Mid-South Leasing, Inc. leased and or/entrusted said truck to Carpenter's employer, Mid South Transportation, LLC. Due to substantial contacts between itself and Mid South Transportation, LLC, Mid-South Leasing, Inc. knew or should have known that Mid South Transportation, LLC negligently and incompetently hired and employed David Carpenter.

13. Defendants Mid-South Leasing, Inc. and Mid South Transportation, LLC are entities that are so intertwined as to be essentially one. The entities have common directors and officers, use the physical property of the other, share physical and mailing addresses, have the same phone number, and other substantial contacts.

14. Mid South Transportation, LLC, has a principal address of 5469 Hwy 145 South, Shannon MS 38868. Its business email is angie@midsouthtransportationllc.com. Its registered agent is James Kenney, manager is Angie Kenney, and member is James Kenney. Its 2020 LLC Annual Report was signed by Angie Kenney.

15. Mid-South Leasing, Inc. has a principal address of 5469 Hwy 145 South,

Shannon MS 38868. Its business email is angie@midsouthtransportationllc.com. Its registered agent is 'Jimmy' Kenney, or James Kenney. Its president is James Kenney, and vice president is Angie Kenney. Its 2021 Corporate Annual Report was signed by Angie Kenney.

16. Mid South Transportation LLC and Mid-South Leasing, Inc. share the same primary owners/managers/directors, James Kenney and Angie Kenney. Therefore, each company has the power to direct the management and policies of the other.

17. Defendants Mid-South Leasing, Inc. and Mid South Transportation, LLC, by and through their agent/employee David Carpenter, negligently and/or wantonly operated the subject-tractor-trailer causing Richard Bennett's traumatic death.

## COUNT I
### Negligence Against Mid South Transportation, LLC.

18. Plaintiff incorporates by reference and realleges each and every preceding allegation as if fully set forth herein.

19. Defendant Mid South Transportation, LLC had a duty to supervise the hiring and training of their agent, David Carpenter and to ensure that he was operating the subject tractor trailer truck in accordance with all applicable laws, standards, regulations and rules of any type. Defendant Mid South Transportation, LLC negligently failed to discharge said duty.

20. Defendant Mid South Transportation, LLC had a duty to evaluate, screen, and determine the physical, medical, and psychological qualifications and conditions of

4

the drivers of their commercial motor vehicles, including David Carpenter. Defendant Mid South Transportation, LLC negligently failed to discharge said duty.

21. Defendant Mid South Transportation, LLC had a duty to evaluate and determine the qualifications of its commercial motor vehicle drivers, including David Carpenter, prior to hiring said driver, and Defendant Mid South Transportation, LLC negligently failed to discharge said duty.

22. Defendant Mid South Transportation, LLC had a duty to ensure that the drivers of its commercial motor vehicles, including David Carpenter, had the knowledge and skills necessary to operate a commercial motor vehicle like the one he was operating on the occasion made basis of Plaintiff's claims. Defendant Mid South Transportation, LLC negligently failed to discharge said duty.

23. At the aforesaid time and place, and for some time prior thereto, Defendant Mid South Transportation, LLC negligently maintained their equipment on said vehicle. Said negligence was a proximate cause of Richard Bennett's death as set forth herein.

24. The aforesaid negligent, wanton, reckless, willful, and/or unlawful conduct by Defendant Mid South Transportation, LLC combined and concurred with the conduct of all other named and fictitious defendants to cause the wrongful death of Richard Bennett.

WHEREFORE, the Plaintiff demands judgment against all Defendants, jointly and severally, and requests that the jury selected to hear this case render a verdict for

5

the Plaintiff in an amount which is adequate to reflect the enormity of the Defendants' wrongful acts and which will deter and/or prevent other similar or wrongful acts, along with all allowable interest and costs associated with this proceeding.

## COUNT II
### Wantonness Against Mid South Transportation, LLC

25. Plaintiff incorporates by reference and realleges each and every preceding allegation as if fully set forth herein.

26. Defendant Mid South Transportation, LLC had a duty to supervise the hiring and training of their agent/employee, David Carpenter, and to ensure that he was operating the subject tractor trailer truck in accordance with all applicable laws, standards, regulations and rules of any type. Defendant Mid South Transportation, LLC wantonly failed to discharge said duty.

27. Defendant Mid South Transportation, LLC had a duty to evaluate, screen, and determine the physical, medical, and psychological qualifications and conditions of the drivers of their commercial motor vehicles, including David Carpenter. Defendant Mid South Transportation, LLC wantonly failed to discharge said duty.

28. Defendant Mid South Transportation, LLC had a duty to evaluate and determine the qualifications of its commercial motor vehicle drivers, including David Carpenter, prior to hiring said driver, and Defendant Mid South Transportation, LLC wantonly failed to discharge said duty.

29. Defendant Mid South Transportation, LLC had a duty to ensure that the drivers of its commercial motor vehicles, including David Carpenter, had the knowledge and skills necessary to operate a commercial motor vehicle like the one he was operating on the occasion made basis of Plaintiff's claims. Defendant Mid South Transportation, LLC wantonly failed to discharge said duty.

30. At the aforesaid time and place, and for some time prior thereto, Defendant Mid South Transportation, LLC wantonly failed to maintain their equipment on said vehicle. Said wantonness was a proximate cause of Richard Bennett's death as set forth herein.

31. Said conduct was done with a conscious disregard for the safety of both the public at large and Decedent Richard Bennett.

32. The aforesaid negligent, wanton, reckless, willful, and/or unlawful conduct by Defendant Mid South Transportation, LLC combined and concurred with the conduct of all other named and fictitious defendants to cause the wrongful death of Richard Bennett.

WHEREFORE, the Plaintiff demands judgment against all Defendants, jointly and severally, and requests that the jury selected to hear this case render a verdict for the Plaintiff in an amount which is adequate to reflect the enormity of the Defendants' wrongful acts and which will deter and/or prevent other similar or wrongful acts, along with all allowable interest and costs associated with this proceeding.

## COUNT III
### Vicarious Liability – Defendant Mid South Transportation, LLC

33. Plaintiff adopts and re-alleges all previous paragraphs, as if set out in full herein. If any previous or subsequent count is inconsistent with allegations of this count, said count(s) is pleaded in the alternative.

34. At all times relevant hereto, Carpenter was an employee/agent of Defendant Mid South Transport, LLC, and was acting within the line and scope of his employment/agency. As a result, Defendant Mid South Transport, LLC is vicariously liable to Plaintiff for the injuries and damages sustained as a result of the negligent, wanton, reckless, willful, and/or unlawful conduct of Carpenter.

WHEREFORE, the Plaintiff demands judgment against all Defendants, jointly and severally, and requests that the jury selected to hear this case render a verdict for the Plaintiff in an amount which is adequate to reflect the enormity of the Defendants' wrongful acts and which will deter and/or prevent other similar or wrongful acts, along with all allowable interest and costs associated with this proceeding.

## COUNT IV
### Negligence Against Mid-South Leasing, Inc.

35. Plaintiff incorporates by reference and realleges each and every preceding allegation as if fully set forth herein.

36. Defendant Mid-South Leasing, Inc. had a duty to supervise the hiring and

training of their employee/agent, David Carpenter and to ensure that he was operating the subject tractor trailer truck in accordance with all applicable laws, standards, regulations and rules of any type. Defendant Mid-South Leasing, Inc. negligently failed to discharge said duty.

37. Defendant Mid-South Leasing, Inc. had a duty to evaluate, screen, and determine the physical, medical, and psychological qualifications and conditions of the drivers of their commercial motor vehicles, including David Carpenter. Defendant Mid-South Leasing, Inc. negligently failed to discharge said duty.

38. Defendant Mid-South Leasing, Inc. had a duty to evaluate and determine the qualifications of its commercial motor vehicle drivers, including David Carpenter, prior to hiring said driver, and Defendant Mid-South Leasing, Inc. negligently failed to discharge said duty.

39. Defendant Mid-South Leasing, Inc. had a duty to ensure that the drivers of its commercial motor vehicles, including David Carpenter, had the knowledge and skills necessary to operate a commercial motor vehicle like the one he was operating on the occasion made basis of Plaintiff's claims. Defendant Mid-South Leasing, Inc. negligently failed to discharge said duty.

40. At the aforesaid time and place, and for some time prior thereto, Defendant Mid-South Leasing, Inc. negligently maintained their equipment on said vehicle. Said negligence was a proximate cause of Richard Bennett's death as set forth herein.

41. The aforesaid negligent, wanton, reckless, willful, and/or unlawful conduct by Defendant Mid-South Leasing, Inc. combined and concurred with the conduct of all other named and fictitious defendants to cause the wrongful death of Richard Bennett.

WHEREFORE, the Plaintiff demands judgment against all Defendants, jointly and severally, and requests that the jury selected to hear this case render a verdict for the Plaintiff in an amount which is adequate to reflect the enormity of the Defendants' wrongful acts and which will deter and/or prevent other similar or wrongful acts, along with all allowable interest and costs associated with this proceeding.

## COUNT V
### Wantonness Against Mid-South Leasing, Inc.

42. Plaintiff incorporates by reference and realleges each and every preceding allegation as if fully set forth herein.

43. Defendant Mid-South Leasing, Inc. had a duty to supervise the hiring and training of their employee/agent, David Carpenter and to ensure that he was operating the subject tractor trailer truck in accordance with all applicable laws, standards, regulations and rules of any type. Defendant Mid-South Leasing, Inc. wantonly failed to discharge said duty.

44. Defendant Mid-South Leasing, Inc. had a duty to evaluate, screen, and determine the physical, medical, and psychological qualifications and conditions of the drivers of their commercial motor vehicles, including David Carpenter. Defendant Mid-

South Leasing, Inc. wantonly failed to discharge said duty.

45. Defendant Mid-South Leasing, Inc. had a duty to evaluate and determine the qualifications of its commercial motor vehicle drivers, including David Carpenter, prior to hiring said driver, and Defendant Mid-South Leasing, Inc. wantonly failed to discharge said duty.

46. Defendant Mid-South Leasing, Inc. had a duty to ensure that the drivers of its commercial motor vehicles, including David Carpenter, had the knowledge and skills necessary to operate a commercial motor vehicle like the one he was operating on the occasion made basis of Plaintiff's claims. Defendant Mid-South Leasing, Inc. wantonly failed to discharge said duty.

47. At the aforesaid time and place, and for some time prior thereto, Defendant Mid-South Leasing, Inc. wantonly failed to maintain their equipment on said vehicle. Said wantonness was a proximate cause of Richard Bennett's death as set forth herein.

48. Said conduct was done with a conscious disregard for the safety of both the public at large and Decedent Richard Bennett.

49. The aforesaid negligent, wanton, reckless, willful, and/or unlawful conduct by Defendant Mid-South Leasing, Inc. combined and concurred with the conduct of all other named and fictitious defendants to cause the wrongful death of Richard Bennett.

WHEREFORE, the Plaintiff demands judgment against all Defendants, jointly and severally, and requests that the jury selected to hear this case render a verdict for

the Plaintiff in an amount which is adequate to reflect the enormity of the Defendants' wrongful acts and which will deter and/or prevent other similar or wrongful acts, along with all allowable interest and costs associated with this proceeding.

## COUNT VI
### Vicarious Liability – Defendant Mid-South Leasing, Inc.

50. Plaintiff adopts and re-alleges all previous paragraphs, as if set out in full herein. If any previous or subsequent count is inconsistent with allegations of this count, said count(s) is pleaded in the alternative.

51. At all times relevant hereto, Carpenter was an employee/agent of Defendant Mid-South Leasing, Inc., and was acting within the line and scope of his employment/agency. As a result, Defendant Mid-South Leasing, Inc. is vicariously liable to Plaintiff for the injuries and damages sustained as a result of the negligent, wanton, reckless, willful, and/or unlawful conduct of Carpenter.

52. At all times relevant hereto, Mid-South Leasing, Inc. owned the tractor trailer that was driven by the employee of its affiliate, Mid South Transportation, LLC. As a result, Defendant Mid-South Leasing, Inc. is vicariously liable to Plaintiff for the injuries and damages sustained as a result of the negligent, wanton, reckless, willful, and/or unlawful conduct of Mid South Transportation, LLC.

## COUNT VII
### Negligent Entrustment – Defendant Mid-South Leasing, Inc.

53. Plaintiff adopts and re-alleges all previous paragraphs, as if set out in full herein. If any previous or subsequent count is inconsistent with allegations of this count, said count(s) is pleaded in the alternative.

54. The tractor trailer that was driven by David Carpenter at the time of the subject crash was owned by Mid-South Leasing, Inc., who leased the tractor trailer to David Carpenter's employer, Mid South Transportation, LLC.

55. Mid South Transportation, LLC, wantonly, negligently, and incompetently hired Carpenter, who carried intoxicating substances in the subject tractor trailer and caused the crash that resulted in the death of Richard Bennett.

56. Mid-South Leasing, Inc. and Mid South Transportation, LLC are owned and/or operated and/or controlled by the same individuals, and therefore Mid-South Leasing, Inc. knew or should have known that Mid South Transportation, LLC incompetently hired Carpenter.

57. Mid-South Leasing, Inc., by virtue of its actions in leasing its truck to its affiliate, Mid South Transportation, LLC and their incompetently hired agent or employee, David Carpenter, caused the crash that resulted in the death of Richard Bennett.

WHEREFORE, the Plaintiff demands judgment against all Defendants, jointly and severally, and requests that the jury selected to hear this case render a verdict for the Plaintiff in an amount which is adequate to reflect the enormity of the Defendants'

wrongful acts and which will deter and/or prevent other similar or wrongful acts, along with all allowable interest and costs associated with this proceeding.

_____
S. Drew Barnett (ASB-9240-Y13H)
Attorney for Plaintiff
Belt & Bruner, P.C.
880 Montclair Road, Suite 300
Birmingham, AL 35213
Phone: (205) 933-1500
drewb@beltlawfirm.com

_____
Jessica Bonds (ASB-4784-V71P)
Attorney for Plaintiff
Belt & Bruner, P.C.
880 Montclair Road, Suite 300
Birmingham, AL 35213
Phone: (205) 933-1500
jessicab@beltlawfirm.com

_____
Johnny Adams (ASB-9392-S19N)
Attorney for Plaintiff
Johnny Adams Law Firm, LLC.
324 Ellis Street
Union Springs, AL 36089
T: (334) 738-3300
johnny@johnnyadamslaw.com

14

## JURY DEMAND

Plaintiff hereby requests that this case be tried in front of a stricken jury.

_____
Attorney for Plaintiff

## REQUEST FOR CERTIFIED MAIL SERVICE BY CLERK

Attorney for Plaintiff hereby requests that the Clerk serve the following Defendant by certified mail, return receipt requested:

**MID SOUTH TRANSPORTATION, LLC**
c/o James Clark Kenney
2156 Jaggers Road
PO Box 4343
Tupelo, MS 38803

**MID SOUTH LEASING, INC.**
c/o Jimmy Kenney
2221 Jaggers Rd
Tupelo, MS 38801

_____
OF COUNSEL

15